**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC, and | ) | Case No. 26-BK-04298 |
| REULAND ELECTRIC CO., | ) | Case No. 26-BK-04300 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**EXPEDITED MOTION FOR ENTRY OF ORDER AUTHORIZING MAINTENANCE AND USE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully request entry of an order on an expedited basis substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105, 345, 363, and 503(b)(1), 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing, but not directing, continued maintenance of existing bank accounts, and authorizing a waiver of certain operating guidelines relating to bank accounts and authorizing, but not directing, continued use of existing business forms and checks. In support of this Motion (the "Motion"), the Debtors rely upon, and incorporate by reference, the *Declaration of Grant R. Bibby in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[2] filed contemporaneously herewith and state as follows:

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the First Day Declaration.

## SUMMARY OF EXPEDITED RELIEF REQUESTED

1. **Expedited Relief Requested.** The Debtors request the Court enter the Order on an expedited basis providing for the continued use and maintenance of their existing bank accounts during the pendency of the Chapter 11 Cases.

2. **Basis for Urgency.** This Motion must be considered on an expedited basis because, as debtors-in-possession, the Debtors must maintain uninterrupted access to their bank accounts in order to continue the seamless operation of their business. Immediate approval is necessary to allow the Debtors to process payroll, satisfy time-sensitive obligations, and pay ongoing operating expenses in the ordinary course of business. Any delay may jeopardize the Debtors' ability to preserve business operations, retain employees, and maintain vendor relationships during this critical stage of the Chapter 11 process.

3. **Notice.** This Motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee, (iii) the 20 largest unsecured creditors and all secured creditors of each Debtor via first class mail, and via email as available. Debtors' proposed counsel informed the Office of the United States Trustee prior to the filing of the Chapter 11 Cases that first day motions would be filed.

4. **Suggested Hearing Date.** The Debtors respectfully request a hearing date of September 8, 2026, but no later than September 9, 2026.

5. **Supporting Argument.** The Debtors support this Motion as set forth below.

## JURISDICTION

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On September 3, 2026 (the "Petition Date"), the Company, along with its affiliate OnCore Motor Group LLC (collectively, the "Debtors"), filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

8. The Debtors are authorized to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

9. Contemporaneously with the filing of the petitions, the Debtors have filed a notice of election designating these Chapter 11 Cases as complex cases under Local Bankruptcy Rule 2081-2(b).

10. Reuland is an 89-year-old manufacturer of custom electric motors. It operates an aluminum casting foundry in City of Industry, California, a CNC machining operation in Brea, California, a motor winding, assembly, and testing facility in La Verne, California, and a manufacturing and testing facility for larger motors in Howell, Michigan. It serves more than 1,000 repeat customers, including the United States Navy, aerospace and defense manufacturers, and operators of moving bridges, dams, and flood control systems. At any given time the Company has between 500 and 700 unique custom motor orders in production.

11. Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

## THE DEBTORS' CASH MANAGEMENT SYSTEM

12. Reuland maintains four bank accounts, as described below. OnCore maintains one checking account at Oakworth Capital Bank. Each account is identified on Exhibit B by institution, account description, and the last four digits of the account number.

13. Customer payments are received into Reuland's checking account at Hilltop Bank ending in 2226 (the "Collection Account"). Under Reuland's financing arrangement with Austin Financial Services, Inc. ("AFS"), Reuland remits collections from the Collection Account to AFS, and AFS applies a borrowing base formula to determine how much it will advance back. Money moved in both directions nearly every business day, roughly $2.5 million to $3.0 million out to AFS each month and a comparable amount back, net of interest and fees. That is how a revolving line of credit works. AFS asserts a security interest in the Collection Account and the funds in it. AFS does not hold a control agreement or any other legal authority over the Collection Account, which Reuland has always owned and controlled.

14. Reuland has not remitted collections to AFS for approximately four weeks, because AFS made clear it would not send the money back. Reuland used those collections to make payroll for 194 people, buy raw material, and pay rent, insurance, and other operating expenses. It did so to keep the business running and the collateral intact, and AFS's collateral position has improved over that period rather than deteriorated. The Debtors' proposed use of cash collateral, including the funds in the Collection Account, is addressed in the Cash Collateral Motion filed contemporaneously herewith.

15. The route customer payments have changed several times during 2026. Until July 17, 2026, Reuland deposited customer checks into an account AFS maintained at Wells Fargo, and customer electronic payments were received directly into the Collection Account.

16. Beginning in April 2026, Reuland stopped depositing all customer checks into the AFS account. It deposited certain checks into the Collection Account instead and did not report those collections to AFS, because the borrowing base formula would not have returned enough of the remitted funds for Reuland to meet payroll.

17. On July 17, 2026, AFS directed that customer checks and electronic payments be sent to an account at Stearns Bank, N.A., which had acquired AFS. Reuland did not redirect its customers to that account, and deposited only some checks there.

18. After AFS accelerated its loan and wrote to Reuland's customers, Reuland began depositing certain customer checks into its own account at Wells Fargo ending in 2962 and transferring funds to the Collection Account as needed, because AFS had stopped funding and stopped responding and Reuland could not risk a sweep of the account holding its payroll. The Debtors disclose this history because it bears on matters in dispute with AFS. They do not concede that any of the conduct described was improper, and reserve all rights.

19. Reuland pays its operating expenses from the Collection Account. Payroll is funded from the Collection Account in two transfers to the Debtors' payroll processor, the first for wages and the second for payroll tax obligations. Funds are due to the processor at 12:01 a.m. one business day before the payment date.

20. Reuland also maintains a checking account at Bank of Ann Arbor ending in 6980, a checking account at Wells Fargo ending in 2962, and an investment account at Hilltop Bank ending in 6491. The Bank of Ann Arbor account carries a small balance and is used by the Howell, Michigan operation for minor purchases and petty cash. It is the only account tied to a particular facility. The Wells Fargo account is used to issue manual payroll checks and, as described above, has more recently received certain customer check deposits. The Hilltop investment account is a

sweep account. It sweeps the balance of the Collection Account at the end of each business day, earns interest overnight, and transfers funds back to the Collection Account the following day as needed to cover transactions.

21. Reuland runs a continuous manufacturing operation across four plants, with hundreds of active supplier relationships and weekly payroll. Closing the Bank Accounts and opening new accounts during the first days of these cases would interrupt collections, delay payments to suppliers, and put payroll at risk.

## RELIEF REQUESTED

### I. Bank Accounts

22. In order to draw a clear line of demarcation between prepetition and postpetition transactions and operations and to prevent the inadvertent postpetition payment of prepetition claims, the U.S. Trustee Guidelines require Chapter 11 Debtors to, among other things, (a) close all existing bank accounts and open new debtor-in-possession bank accounts for which the signature cards shall indicate that the debtor is a "Chapter 11 Debtor-in-Possession"; (b) establish a new payroll account; and (c) maintain any funds in excess of the amount required for current operations in an interest-bearing account.

23. In the operation of their business and to conduct their affairs, the Debtors utilize certain bank accounts. Attached hereto as **Exhibit B** is a list of the bank accounts including the financial institution, redacted account number, and approximate balance on the Petition Date.

24. All accounts are referred to collectively hereinafter as the "Bank Accounts." It is essential to business operations that the Debtors be allowed to continue to use the existing Bank Accounts and forms for all the reasons set forth herein.

25. The Debtors seek a waiver of the U.S. Trustee's requirement that the prepetition Bank Accounts be closed and that new post-petition bank accounts be opened. If enforced in this case, such a requirement would cause disruption in collections, would be unnecessarily burdensome, and would impair the Debtors' reorganization efforts.

26. Accordingly, to ensure a smooth transition into Chapter 11 with minimal disruption, and to aid in the Debtors' efforts to complete this case successfully and rapidly, the Debtors must be permitted to continue to maintain the existing Bank Accounts.

27. Bankruptcy courts in this district routinely grant the same or similar relief in Chapter 11 cases. *See, e.g., In re Two Rivers Corporate Centre, Limited Partnership,* Case No. 24-00399 (Bankr. M.D. Tenn. 2024); *In re Tricord Business Group, LLC,* Case No. 23-03934 (Bankr. M.D. Tenn 2023); *In re Nashville Senior Care, LLC*, Case No. 23-02924 (Bankr. M.D. Tenn. 2023); *In re Saffire Vapor Retail, LLC,* Case No. 23-02264 (Bankr. M.D. Tenn. 2023); *In re Veristar, LLC, Case No. 23-00413* (Bankr. M.D. Tenn. 2023); *In re Brighthouse Green Home Cleaning, LLC*, Case No. 23-00035 (Bankr. M.D. Tenn. 2023); *In re Hidden Acres Healthcare, LLC,* Case No. 22-02780 (Bankr. M.D. Tenn. 2022); *In re TourGigs, LLC,* Case No. 22-02014 (Bankr. M.D. Tenn. 2022); *In re Pinnacle Constructors, Inc.,* Case No. 22-00670 (Bankr. M.D. Tenn. 2022); *In re Old Time Pottery*, Case No. 20-03138 (Bankr. M.D. Tenn. 2020); *In re Oreck Corp*., Case No. 13-04006 (Bankr. M.D. Tenn. 2013); *In re Sofa Express,* Case No. 07-9024 (Bankr. M.D. Tenn. 2007); *In re James River Coal Co*., Case No. 03-4095 (Bankr. M.D. Tenn. 2003); *In re American Homepatient, Inc*., Case No. 02- 8915 (Bankr. M.D. Tenn. 2002); *In re Service Merchandise Company, Inc*., Case No. 99-2649 (Bankr. M.D. Tenn. 1999).

28. The Debtors represent that if the relief requested in this Motion is granted, Debtors will not pay any debts incurred before the Petition Date, other than as authorized by this Court.

29. In sum, subject to a prohibition against honoring prepetition checks without specific authorization from this Court, the Debtors request that the Bank Accounts be deemed to be debtor-in-possession accounts and that maintenance and continued use, in the same manner and with the same account numbers, styles, and document forms as those employed during the prepetition period, be authorized.

**II. Business Forms**

30. To minimize expenses to the bankruptcy estate, the Debtors also seek authorization to continue using all business forms and checks existing immediately prior to the Petition Date, without reference to the status as a debtor-in-possession. Changing correspondence and business forms would be expensive, unnecessary, and burdensome to the bankruptcy estates and disruptive to the Debtors' operations.

31. Furthermore, doing so would not confer any benefit upon those dealing with the Debtors, because the Debtors' vendors who are also creditors will receive direct notice that the Debtors are authorized to use existing checks and business forms without being required to place the label "Debtor-In-Possession" on each.

32. Bankruptcy courts in this district have routinely granted the same or similar relief to chapter 11 Debtor. *See e.g., In re Two Rivers Corporate Centre, Limited Partnership,* Case No. 24-00399 (Bankr. M.D. Tenn. 2024); *In re Tricord Business Group, LLC,* Case No. 23-03934 (Bankr. M.D. Tenn. 2023); *In re Nashville Senior Care, LLC*, Case No. 23-02924 (Bankr. M.D. Tenn. 2023); *In re Saffire Vapor Retail, LLC,* Case No. 23-02264 (Bankr. M.D. Tenn. 2023); *In re Veristar, LLC,* Case No. 23-00413 (Bankr. M.D. Tenn. 2023); *In re Brighthouse Green Home Cleaning, LLC*, Case No. 23-00035 (Bankr. M.D. Tenn. 2023); *In re Hidden Acres Healthcare, LLC,* Case No. 22-02780 (Bankr. M.D. Tenn. 2022); *In re TourGigs, LLC,* Case No. 22-02014

(Bankr. M.D. Tenn. 2022); *In re Pinnacle Constructors, Inc.,* Case No. 22-00670 (Bankr. M.D. Tenn. 2022); *In re Old Time Pottery*, Case No. 20-03138 (Bankr. M.D. Tenn. 2020); *In re Oreck Corp*., Case No. 13-04006 (Bankr. M.D. Tenn. 2013); *In re Sofa Express,* Case No. 07-9024 (Bankr. M.D. Tenn. 2007); *In re James River Coal Co*., Case No. 03-4095 (Bankr. M.D. Tenn. 2003); *In re American Homepatient, Inc*., Case No. 02- 8915 (Bankr. M.D. Tenn. 2002); *In re Service Merchandise Company, Inc*., Case No. 99-2649 (Bankr. M.D. Tenn. 1999).

**III. The Requirements of Rule 6003 are Satisfied**

33. Bankruptcy Rule 6003 empowers a Court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, the Debtors seek an Order authorizing the Debtors to: (a) maintain existing Bank Accounts, and (b) maintain existing Business Forms, as well as granting the other relief requested herein. Failure to receive such authorization and other relief during the first 21 days of these Chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary for the Debtors to operate business in the ordinary course and preserve the ongoing value of the Debtors' operations and to maximize the value of their estate for the benefit of all stakeholders. Accordingly, the Debtor submits that the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 has been satisfied to support granting the relief requested herein.

**IV. Waiver of Bankruptcy Rules**

34. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

35. Notice has been given as indicated in paragraph 3, above. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order submitted herewith, grant the relief requested herein, and grant the Debtors such other relief as the Court deems appropriate under the circumstances.

Dated: September 3, 2026.

Respectfully submitted,

*/s/ Robert J. Gonzales*

Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*

**EXHIBIT A**

***Proposed Order***

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC, and | ) | Case No. 26-BK-04298 |
| REULAND ELECTRIC CO., | ) | Case No. 26-BK-04300 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**EXPEDITED ORDER AUTHORIZING CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS AND AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS**

Upon the Debtors' Expedited Motion[2] for entry of an Order pursuant to Bankruptcy Code sections 105, 345, 363, and 503(b)(1), 1107 and 1108 and Bankruptcy Rule 6003, authorizing, but not directing, continued maintenance of existing bank accounts, and authorizing a waiver of certain operating guidelines relating to bank accounts, and authorizing, but not directing, continued use of existing business forms and checks; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, the bankruptcy estates, the creditors, and other parties-in-interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED.

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

**I. Bank Accounts**

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized, but not directed, to (i) designate, maintain, and continue to use any and all lock box, depository, disbursement, checking, and other accounts (collectively, the "Prepetition Bank Accounts") in existence as of the Petition Date, with the same account numbers, including the accounts identified in the Motion; (ii) if necessary, open new accounts if needed (such new accounts, together with the Prepetition Bank Accounts, hereinafter the "Bank Accounts"); and (iii) treat the Bank Accounts for all purposes as debtor-in-possession accounts.

3. Depositories may not exercise setoff rights against monies of the Debtors in accounts maintained with such depositories.

**II. Business Forms**

4. The Debtors are authorized to continue to use the existing business forms and checks without alteration or change and without the designation "Debtor-in-Possession" or a "debtor-in-possession case number" imprinted upon them. If the Debtors open or close a bank account, they shall provide notice to the United States Trustee. Any new check stock used by the Debtors will contain the designation "Debtor-in-Possession."

5. The Debtors are hereby authorized to execute any additional documents incident to the relief granted pursuant to this Order.

6. Notwithstanding Rule 6004 of the Federal Rules of Bankruptcy Procedure (to the extent applicable), this Order shall be effective and enforceable immediately upon entry hereof.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*

Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*

## EXHIBIT B

**BANK ACCOUNTS**

| Debtor | Institution | Account Description and Last 4 Digits of Account Number | Approx. Balance on Petition Date |
|---|---|---|---|
| Reuland Electric Co. | Bank of Ann Arbor | Checking Account, 6980 | $5,222.51 |
| Reuland Electric Co. | Hilltop Bank | Checking Account, 2226 | $-12,049.20 |
| Reuland Electric Co. | Hilltop Bank | Investment Account, 6491 | $98,270.59 |
| Reuland Electric Co. | Wells Fargo | Checking Account, 2962 | $200,150.66 |
| OnCore Motor Group | Oakworth Capital Bank | Checking Account, 5481 | $51.17 |