**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC, and | ) | Case No. 26-BK-04298 |
| REULAND ELECTRIC CO., | ) | Case No. 26-BK-04300 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**EXPEDITED MOTION TO PROHIBIT THE DISCONTINUATION OF UTILITY SERVICES, APPROVE ADEQUATE ASSURANCE OF PAYMENT, AND ESTABLISH PROCEDURES FOR ADDITIONAL ADEQUATE ASSURANCE**

Reuland Electric Co. (the "Debtor" or the "Company") moves this Court for entry of an Order pursuant to Section 366 of Title 11 of the United States Code (the "Bankruptcy Code") (i) determining adequacy of assurance of payment for future service from utilities; (ii) establishing procedures for determining requests for additional or other adequate assurance; and (iii) deeming the interim order to be a final order granting the requested relief on a permanent basis, absent a timely objection filed pursuant to the procedures herein. In support of this Motion (the "Motion"), the Debtor relies upon, and incorporates by reference, the *Declaration of Grant R. Bibby in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of the Motion, the Debtor respectfully states as follows:

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the First Day Declaration.

## SUMMARY OF EXPEDITED RELIEF SOUGHT

1. **Expedited Relief Requested.** The Debtor requests an order from the Court (i) determining adequacy of assurance of payment for future service from utilities; (ii) establishing procedures for determining requests for additional or other adequate assurance; and (iii) deeming the interim order to be a final order granting the requested relief on a permanent basis, absent a timely objection filed pursuant to the procedures herein.

2. **Basis for Urgency.** This Motion must be considered on an expedited basis because uninterrupted utility service is critical to the Debtor's ongoing business operations and the preservation of estate assets. The Debtor operates an aluminum casting foundry and more than fifteen CNC machining centers. An interruption in electrical or gas service does not slow this business, it stops it, and an unplanned interruption at the foundry risks damage to equipment and to work in process. Without immediate relief, utility providers may alter, refuse, or discontinue service following the commencement of these Chapter 11 Cases, which would severely disrupt the Debtor's ability to operate, serve customers, and generate revenue. Prompt approval is necessary to prevent irreparable harm to the Debtor's business and to maintain stability during the initial stages of these Chapter 11 Cases.

3. **Notice.** This Motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee, (iii) the 20 largest unsecured creditors and all secured creditors of each Debtor, and (iv) each Utility on Exhibit A via first class mail, and via email as available. Debtors' proposed counsel informed the Office of the United States Trustee prior to the filing of the Chapter 11 Cases that first day motions would be filed.

4. **Suggested Hearing Date.** The Debtor respectfully requests a hearing date of September 8, 2026, but no later than September 9, 2026.

5. **Supporting Argument.** The Debtor supports this Motion as set forth below.

## JURISDICTION

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On September 3, 2026 (the "Petition Date"), the Company, along with its affiliate OnCore Motor Group LLC (collectively, the "Debtors"), filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

8. The Debtors are authorized to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

9. Contemporaneously with the filing of the petitions, the Debtors have filed a notice of election designating these Chapter 11 Cases as complex cases under Local Bankruptcy Rule 2081-2(b).

10. Reuland is an 89-year-old manufacturer of custom electric motors. It operates an aluminum casting foundry in City of Industry, California, a CNC machining operation in Brea, California, a motor winding, assembly, and testing facility in La Verne, California, and a manufacturing and testing facility for larger motors in Howell, Michigan. It serves more than 1,000 repeat customers, including the United States Navy, aerospace and defense manufacturers, and operators of moving bridges, dams, and flood control systems. At any given time the Company has between 500 and 700 unique custom motor orders in production.

11. Additional factual background regarding the Debtors, including their business

operations, capital structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

12. The Debtors are authorized to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

13. Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated by reference herein.

## DESCRIPTION OF UTILITY SERVICES AND PROPOSED ADEQUATE ASSURANCE

### I. Utility Services

14. A list of known utility companies with whom the Debtor has service (each a "Utility" or collectively the "Utilities") and currently identifiable accounts is attached hereto as **Exhibit A** (the "Utility List"). The Debtor believes the Utility List is a complete list of all Utilities and currently open accounts. OnCore Motor Group LLC has no utility accounts, and the relief requested in this Motion is sought only with respect to the Debtor.

15. The Debtor's aggregate average monthly utility expense is approximately $55,900 across electricity, natural gas, water, sewer, trash, telecommunications, internet, and data services at four sites in California, one site in Michigan, and an engineering office in Ohio.

16. The Debtor is current with all payments to the Utilities as of the Petition Date and intends to remain current post-petition. To do so, the Debtor requests authority to pay the current bills from each Utility on the Utility List as each such bill comes due regardless of whether the services were provided prior to the Petition Date.

17. By this Motion, the Debtor seeks to preserve the protection the Utilities have under the Bankruptcy Code while affording the Debtor the opportunity to provide adequate assurance of payment without facing the imminent threat of termination of any Utility Service. In particular, the Debtor requests approval of certain procedures that balance the protections afforded to the Utilities under § 366 of the Bankruptcy Code and the Debtor's need for continued and uninterrupted service.

## II. Proposed Adequate Assurance and Additional Adequate Assurance Request Procedures

18. As adequate assurance of payment under § 366 of the Bankruptcy Code, the Debtor proposes to remain current with all payments due to Utilities on a post-petition basis.

19. As additional adequate assurance of payment under § 366 of the Bankruptcy Code, the Debtor proposes that any Utility in possession of a security deposit shall be authorized to continue to hold it (the "Cash Deposit") as adequate assurance of payment to the Utility. Notwithstanding these assurances, each Utility shall have the right to seek additional assurances of payment from the Debtor pursuant to the terms set forth below. Two Utilities hold security deposits from the Debtor: Southern California Edison Company holds $5,820.00 and Southern California Gas Company holds $3,605.00. The Debtor is not aware of any other Utility holding a security deposit, letter of credit, or other prepayment. To the extent any other Utility is identified as holding such security, the Debtor reserves the right to seek a corresponding reduction in the Proposed Adequate Assurance.

20. The following additional adequate assurances will also be provided:

a. The Debtor will serve a copy of this Order on the entities identified on the Utility List within three (3) business days after entry.

b. The Debtor shall, if requested by a Utility, provide an additional deposit of $100.

c. If a Utility disputes its status as a utility provider or maintains that the proposed adequate assurance is not satisfactory, the Utility shall, by the date set by the Court, serve notice via email on the Debtor's counsel.

d. Upon the Debtor's receipt of notification of a dispute, and to the extent the parties are unable to reach a consensual resolution, the Debtor will notify the Court that an objection will be heard at the Final Hearing set by the Court.

21. Utilities are further protected in the payment for any post-petition Utility Service by the administrative expense claim that such Utility will have under § 503(b)(1)(A) for any Utility Service provided to the Debtor on a post-petition basis.

22. The Debtor submits that the history of timely payment, Cash Deposits (where applicable), commitment to pay for future Utility Services in the ordinary course of business, and the administrative expense priority afforded the Utilities for post- petition Utility Services (collectively, the "Proposed Adequate Assurance") constitute sufficient "adequate assurance of payment." Nonetheless, the Debtor proposes that any Utility requesting additional adequate assurance of payment pursuant to § 366(c)(2) of the Bankruptcy Code be addressed in the manner set forth in this Motion ("Additional Adequate Assurance Request Procedures").

23. The Debtor further requests that any Utility that does not serve a timely objection shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility within the meaning of § 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Chapter 11 Cases, except as provided in §§ 366(b)(2) or 366(c)(3) of the Bankruptcy Code, as applicable.

24. The Debtor asserts that the relief requested herein strikes a fair balance between the rights of the Utilities and the rights of the Debtor under the Bankruptcy Code.

## LAW AND ARGUMENT

### I. The Entities on the Utility List Are Utility Companies that Provide Utility Services Within the Meaning of 11 U.S.C. § 366

25. While the term "utility" is not defined in the Bankruptcy Code, courts have concluded that § 366 is not limited to public utilities, and that "utility" is meant to be interpreted broadly so as to include entitles that occupy "some special position with respect to the debtor, such as an electric company, gas supplier or telephone company that is a monopoly in the area so that the debtor cannot easily obtain comparable service from another utility." *Darby v. Time Warner Cable, Inc. (In re Darby)*, 470 F.3d 573, 574 (5th Cir. 2006) (citing H.R. Rep. 595, 95th Cong., 1st Sess. 350 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 60 (1978)); *see also In re One Stop Realtour Place, Inc.,* 268 B.R. 430, 436-38 (Bank. E.D. Pa. 2001); *In re Moorefield*, 218 B.R. 795, 797 (Bankr. M.D.N.C. 1997).

26. The term "utility" "ordinarily refers to a business organization "performing a public service and subject to special governmental regulations," that has "some special position with respect to the debtor," and has "a monopoly in the area so that the debtor cannot easily obtain comparable service from another." *One Stop Realtour Place, Inc. v. Allegiance Telecom, Inc. (In re One Stop Realtour Place, Inc.)*, 268 B.R. 430, 435, 436, 437 (Bankr. E.D. Pa. 2001); *see also Darby v. Time Warner Cable, Inc. (In re Darby)*, 470 F.3d 573, 575 (5th Cir. 2006).

27. However, "utilities covered under § 366 are not limited to public utilities, and other entities acting as utilities are also eligible." *In re Moorefield*, 218 B.R. 795, 797 (Bankr. M.D.N.C. 1997).

28. That standard is satisfied as to each provider on the Utility List, including the telecommunications, internet, and data service providers. Each of those providers serves a single facility, and none can be replaced at that facility on short notice. The Debtor manages 500 to 700

simultaneous custom orders through an enterprise system that depends on connectivity at each plant, and a loss of data service at a plant halts production scheduling and shipping at that plant as effectively as a loss of electricity. The inclusion of an entity on the Utility List is not an admission that the entity is a utility within the meaning of § 366, and the Debtor does not seek to expand the protections of § 366 beyond their terms.

29. In accordance with the above, the Debtor has determined that providers of the services described herein constitute Utility Services within the meaning of § 366 of the Bankruptcy Code.

## II. The Proposed Adequate Assurance Provides the Utilities with Adequate Assurance of Payment

30. Section 366(a) of the Bankruptcy Code provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

31. Section 366(b) of the Bankruptcy Code provides:

> Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

32. Section 366(c)(2) of the Bankruptcy Code, which governs in a case under chapter 11, provides:

> Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

33. The policy underlying § 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtors will pay for post-petition services. See H.R.

Rep. No. 95-595, at 350 (1978). As set forth herein, this policy is furthered by the relief requested through the Motion.

34. Specifically, in a case under chapter 11, § 366(c)(2) of the Bankruptcy Code permits a utility to alter, refuse, or discontinue service if, during the 30-day period beginning on the date of the filing of the petition, the utility does not receive adequate assurance of payment that is satisfactory to the utility. Under § 366(c)(3)(A), the Court may order modification of the amount of an assurance of payment on request of a party in interest and after notice and a hearing. The Debtor asserts that the Proposed Adequate Assurance satisfies the requirements of the Bankruptcy Code.

## **NOTICE**

35. Notice has been given as indicated in paragraph 3, above. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order: (a) approving the Debtor's Proposed Adequate Assurance of payment to the Utilities; (b) authorizing and approving the Additional Adequate Assurance Request Procedures; and (c) granting the Debtor such other and further relief to which it may be entitled.

[*remainder of page intentionally left blank*]

Dated: September 3, 2026.

Respectfully submitted,

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

## UTILITY LIST

| Utility Type | Provider Name | Provider Address | Service Address |
|---|---|---|---|
| Electricity | Southern California Edison Company | 2244 Walnut Grove Ave., Rosemead, CA 91770 | 400 N Berry, Brea, CA 92821 |
| Trash | Republic Services | 1131 N Blue Gum St., Anaheim, CA 92806 | 400 N Berry, Brea, CA 92821 |
| Water and Sewer | City of Brea | 1 Civic Center Circle, Brea, CA 92821 | 400 N Berry, Brea, CA 92821 |
| Internet | Charter Communications | 400 Washington Blvd, 13th Floor, Stamford, CT 06902 | 400 N Berry, Brea, CA 92821 |
| Electricity | Southern California Edison Company | 2244 Walnut Grove Ave., Rosemead, CA 91770 | 225 N Unruh Ave., City of Industry, CA 91744 |
| Gas | Southern California Gas Company | P.O. Box C, Monterey Park, CA 91756 | 225 N Unruh Ave., City of Industry, CA 91744 |
| Trash | Valley Vista Services | 17445 Railroad St., City of Industry, CA 91748 | 225 N Unruh Ave., City of Industry, CA 91744 |
| Water | Suburban Water Systems | 1325 N Grand Ave., Suite 100, Covina, CA 91724 | 225 N Unruh Ave., City of Industry, CA 91744 |
| Electricity | Southern California Edison Company | 2244 Walnut Grove Ave., Rosemead, CA 91770 | 1615 Yeager Ave., La Verne, CA 91750 |
| Water | City of La Verne | 3660 D Street, La Verne, CA 91750 | 1615 Yeager Ave., La Verne, CA 91750 |
| Trash | Waste Management | 800 Capitol St., Suite 3000, Houston, TX 77002 | 1615 Yeager Ave., La Verne, CA 91750 |
| Internet and Phone | Frontier Communications | PO Box 639459, Cincinnati, OH 45263-9459 | 1615 Yeager Ave., La Verne, CA 91750; 225 N Unruh Ave., City of Industry, CA 91744 |
| Electricity | Southern California Edison Company | 2244 Walnut Grove Ave., Rosemead, CA 91770 | 19227 San Jose Ave., City of Industry, CA 91748 |
| Gas | Southern California Gas Company | P.O. Box C, Monterey Park, CA 91756 | 19227 San Jose Ave., City of Industry, CA 91748 |
| Electricity | DE Energy | P.O. Box 70220, Philadelphia, PA 19176-0220 | 4500 E Grand River Ave, Howell, MI 48843 |
| Electricity | DTE Energy | P.O. Box 740786, Cincinnati, OH 45274-0786 | 4500 E Grand River Ave, Howell, MI 48843 |
| Sewer | MHOG Sewer and Utilities | 2911 Dorr Road, Brighton, MI 48116 | 4500 E Grand River Ave, Howell, MI 48843 |
| Gas | Consumers Energy | One Energy Plaza, Jackson, MI 49201 | 4500 E Grand River Ave, Howell, MI 48843 |
| Trash | Waste Management | 800 Capitol St., Suite 3000, Houston, TX 77002 | 4500 E Grand River Ave, Howell, MI 48843 |
| Internet | AT&T | 208 S. Akard St., Dallas, TX 75202 | 4500 E Grand River Ave, Howell, MI 48843 |
| Internet | Alta Fiber | PO Box 748003, Cincinnati, OH 45274-8003 | 9620 Colerain Ave., Ste. 22, Cincinnati, OH 45251 |
| Internet (back-up) | AT&T | 208 S. Akard St., Dallas, TX 75202 | All locations |
| Phone | Nextiva | 9451 E Via De Ventura, Scottsdale, AZ 85256 | All locations |

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC, and | ) | Case No. 26-BK-04298 |
| REULAND ELECTRIC CO., | ) | Case No. 26-BK-04300 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**EXPEDITED ORDER (A) APPROVING THE DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES AND (B) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

This matter is before the Court on the *Expedited Motion to Prohibit the Discontinuation of Utility Services, Approve Adequate Assurance of Payment, and Establish Procedures for Additional Adequate Assurance* (the "Utilities Motion")[2] filed by Reuland Electric Co. (the "Debtor"). The Court, having reviewed the Utilities Motion and First Day Declaration, and considered arguments of counsel, and having determined that the relief requested in the Utilities

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

Motion is in the best interest of the Debtor's estate and creditors, and further having set forth its findings on the record pursuant to Fed. R. Bankr. P. 7052, hereby ORDERS as follows.

1. The Utilities Motion is GRANTED on an interim basis.

2. The Utilities Motion is set for final hearing on __________________, 2026 at ________ in Courtroom ____, 701 Broadway, Nashville, Tennessee (the "Final Hearing").

3. If no timely objection is filed, no final hearing shall be held, and this Order shall be self-effectuating and final.

4. Any Utility in possession of a security deposit shall be authorized to continue to hold such security deposit (the "Cash Deposit") as adequate assurance of payment for Utility Services. Notwithstanding the foregoing, each Utility shall have the right to seek additional adequate assurances of payment pursuant to the terms of this Order.

5. The following additional adequate assurances are hereby approved as follows:

a. The Debtor shall serve a copy of this Order on the entities identified as utility providers in the Utilities Motion (individually, a "Utility" and collectively, the "Utilities") within three (3) business days after entry.

b. The Debtor shall, if requested by a Utility, provide an additional deposit of $100.

c. In the event that a Utility disputes its status as a utility provider or maintains that the proposed adequate assurance is not satisfactory, the Utility shall notify Debtors' counsel by email no later than 14 days prior to the Final Hearing.

d. Upon receipt of notification of a dispute, and to the extent the parties are unable to reach a consensual resolution, Debtor's counsel will notify the Court that an objection will be heard at the Final Hearing.

6. Any Utility that does not contact the Debtor will be deemed to have received adequate assurance of payment that is satisfactory to such Utility within the meaning of § 366(c)(2)

of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of these Chapter 11 Cases, except as provided in §§ 366(b)(2) or 366(c)(3) of the Bankruptcy Code.

7. To the extent any entity that is not listed in the Utilities Motion believes it provided the Debtor with Utility Services within the meaning of Bankruptcy Code § 366, that entity must make a written request within twenty (20) days of the date of entry of this Order. Failure to make a written request within such time bars such entity from terminating the services it provides to the Debtor pursuant to § 366 of the Bankruptcy Code.

8. Absent further order of this Court, the Utilities, including any subsequently-added Utilities, are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtor on account of unpaid prepetition invoices or due to the commencement of this case, or requiring the Debtor to pay an additional deposit or other security in connection with the provision of post-petition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

9. Notwithstanding anything to the contrary herein, the Debtor's rights to challenge any claim on any basis filed pursuant to 11 U.S.C. § 503(b)(9), including, without limitation, claims filed by Utilities or entities removed or deemed removed from the Utility List in the Utilities Motion, are preserved.

10. Subject to the terms and conditions of any Order of this Court with respect to the Debtor's use of Cash Collateral, the Debtor is authorized to pay on a timely basis in accordance with its pre-petition practices all undisputed invoices regarding Utility Services rendered by the Utilities to the Debtor.

11. Nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement under § 365 of the Bankruptcy Code.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Upon entry of this Order, notice of this Order shall be served on (i) each Utility; (ii) all parties consenting to electronic service; and (iii) the Office of the United States Trustee.

14. In the absence of timely objections or requests for Additional Adequate Assurance, this Order shall be final as of the date of entry.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*