IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC, and | ) | Case No. 26-BK-04298 |
| REULAND ELECTRIC CO., | ) | Case No. 26-BK-04300 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**EXPEDITED MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE MASTER SERVICE LIST, (B) LIMITING NOTICE, (C) AUTHORIZING SERVICE BY ELECTRONIC MAIL, AND (D) ESTABLISHING PROCEDURES FOR PARTIES TO REQUEST NOTICE**

OnCore Motor Group LLC and Reuland Electric Co., the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), respectfully request entry of an order on an expedited basis substantially in the form attached hereto as Exhibit A (the "Order") pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2081-2(f) of the Local Rules of Court for the United States Bankruptcy Court, Middle District of Tennessee (the "Local Rules"), (A) approving the form and composition of the master service list required by Local Rule 2081-2(f) (the "Master Service List"), (B) limiting notice of motions and other matters to the parties on the Master Service List and, where applicable, to parties directly affected by the relief requested, (C) authorizing service by electronic mail, and (D) establishing procedures by which parties in interest may request notice. In support of this Motion, the Debtors rely upon, and

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

incorporate by reference, the *Declaration of Grant R. Bibby in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith, and further state as follows:

**SUMMARY OF EXPEDITED RELIEF REQUESTED**

1. **Expedited Relief Requested.** The Debtors respectfully request that the Court enter an Order approving the Master Service List filed with the petitions, limiting notice of motions and other matters in these Chapter 11 Cases to the parties identified on that list except where the Bankruptcy Code, the Bankruptcy Rules, or an order of this Court requires broader notice, authorizing service by electronic mail, and establishing a procedure by which any party in interest may be added to the Master Service List.

2. **Basis for Urgency.** The Debtors have filed a number of motions requiring consideration on an expedited basis. Absent the relief requested, the Debtors would be required to serve each such motion, and every motion, application, notice, and other paper filed thereafter, on more than 300 creditors and parties in interest. That burden would consume estate resources and administrative capacity that these estates cannot spare during the first days of these cases, and would delay the relief the Debtors require in order to continue operating. The relief requested is procedural, prejudices no party, and is contemplated by Local Rule 2081-2(f).

3. **Notice.** This Motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system; (ii) the Office of the United States Trustee; and, via first class mail and via email as available, on (iii) all secured creditors of each Debtor and each party asserting an interest in cash collateral; and (iv) the 20 largest unsecured creditors of each Debtor. Debtors' proposed counsel informed the Office of the United States Trustee prior to the filing of the Chapter 11 Cases that first day motions would be filed.

4. **Suggested Hearing Date.** The Debtors respectfully request a hearing date of September 8, 2026, but no later than September 9, 2026.

5. **Supporting Argument.** The Debtors support this Motion as set forth below.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9007, and Local Rule 2081-2(f).

## BACKGROUND

1. On September 3, 2026 (the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2. The Debtors are authorized to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

3. Contemporaneously with the filing of the petitions, the Debtors have filed a notice of election designating these Chapter 11 Cases as complex cases under Local Bankruptcy Rule 2081-2(b).

4. Reuland Electric Co. ("Reuland") is an 89-year-old manufacturer of custom electric motors. It operates an aluminum casting foundry in City of Industry, California, a CNC machining operation in Brea, California, a motor winding, assembly, and testing facility in La Verne, California, and a manufacturing and testing facility for larger motors in Howell, Michigan,

together with an engineering office in Ohio. It employs approximately 194 people and serves more than 1,000 repeat customers.

5. Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

8. By this Motion, the Debtors request entry of an order:

(a) approving the form and composition of the Master Service List filed with the petitions and described below;

(b) providing that, except as otherwise required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or further order of this Court, notice of all motions, applications, objections, notices, and other papers filed in these Chapter 11 Cases shall be limited to the parties on the Master Service List;

(c) providing that, where a motion or other matter directly affects the interests of a party not otherwise on the Master Service List, the Debtors shall serve that party in addition to the parties on the Master Service List;

(d) authorizing the Debtors to effect service by electronic mail on any party that has provided an electronic mail address, and providing that such service shall be deemed sufficient;

(e) establishing procedures by which any party in interest may request to be added to the Master Service List; and

(f) confirming that certain notices identified below shall continue to be served on all creditors and parties in interest as required by the Bankruptcy Rules.

**A. The Master Service List**

9. Local Rule 2081-2(f) requires a debtor in a complex case to maintain a Master Service List identifying the parties to be served whenever a motion or other document requires notice, and provides that, unless otherwise required by the Bankruptcy Code, the Bankruptcy Rules, or the Court, notices of motions and other matters shall be limited to the parties on that list.

10. Consistent with Local Rule 2081-2(f), the Master Service List filed with the petitions includes:

(a) the Debtors;

(b) counsel to the Debtors;

(c) the Office of the United States Trustee for Region 8;

(d) each prepetition secured lender, including Austin Financial Services, Inc. and its counsel, Byline Bank and its counsel, and each holder of an equipment financing arrangement or lease, together with counsel for any such party known to the Debtors;

(e) any postpetition secured lender and its counsel, if applicable;

(f) the creditors identified on the consolidated list of the thirty largest unsecured creditors of the Debtors filed pursuant to Local Rule 2081-2(d), which includes not fewer than five unsecured creditors of each Debtor;

(g) any committee appointed under the Bankruptcy Code and its counsel, if one is appointed;

(h) any party who has specifically requested notice under Bankruptcy Rule 2002(i) or who is added to the Master Service List under the procedures described below;

(i) the Internal Revenue Service, the United States Attorney for the Middle District of Tennessee, the taxing authorities of each state in which the Debtors own property or conduct

operations, and any other governmental agency to the extent required by the Bankruptcy Rules or the Local Rules;

(j) any indenture trustee; and

(k) any petitioning creditors.

11. As of the Petition Date, no committee has been appointed and the Debtors have not obtained postpetition financing. The categories identified in subparagraphs (e) and (g) above are included so that any such party is added to the Master Service List upon appointment or retention without further order of this Court.

12. The Debtors will file the initial Master Service List with the petitions and will file updated Master Service Lists at least every seven days during the first thirty days of these Chapter 11 Cases and at least every thirty days thereafter, as required by Local Rule 2081-2(f), provided that no updated list need be filed if there are no changes.

**B. Limiting Notice**

13. As of the Petition Date, the Debtors' creditor matrix identifies approximately 300 creditors and parties in interest located across the United States and beyond. The Master Service List, by contrast, comprises approximately 70 parties.

14. Serving every motion, application, notice, and other paper filed in these Chapter 11 Cases on the full creditor body would impose substantial and recurring expense on the estates for postage, copying, and administrative time. It would also impose a meaningful burden on the Debtors' personnel at a time when management's attention is required to stabilize operations, and it would delay the Debtors' ability to obtain relief on the expedited basis these cases require.

15. The Debtors accordingly request that, except as set forth below, notice of all motions, applications, objections, notices, and other papers filed in these Chapter 11 Cases be limited to the parties on the Master Service List.

16. The Debtors do not seek to limit notice where a matter directly affects an identifiable party in interest. Where the relief requested would directly affect the rights of a party not otherwise on the Master Service List, including without limitation a counterparty to an executory contract or unexpired lease that is the subject of a motion to assume or reject, a party asserting an interest in property that is the subject of a proposed sale or transfer, a party against whom relief is sought, or a claimant whose claim is the subject of an objection, the Debtors will serve that party in addition to the parties on the Master Service List.

**C. Notices That Will Continue To Be Served on All Creditors**

17. The Debtors do not seek to limit notice of any matter for which the Bankruptcy Rules require notice to all creditors and parties in interest. Notwithstanding entry of the Order, the following will continue to be served on all creditors and parties in interest, or on such other parties as the Bankruptcy Rules require:

(a) the notice of the meeting of creditors under section 341(a) of the Bankruptcy Code, together with the notice of commencement of these Chapter 11 Cases, pursuant to Bankruptcy Rule 2002(a)(1) and (f)(1);

(b) notice of the time fixed for filing proofs of claim, pursuant to Bankruptcy Rule 2002(a)(7) and (f)(3);

(c) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement, and notice of the time fixed for filing objections to, and the hearing to consider confirmation of, a plan, pursuant to Bankruptcy Rule 2002(b);

(d) transmittal of any plan and disclosure statement, or a summary thereof, and any related solicitation materials, to the extent required by Bankruptcy Rule 3017(d);

(e) notice of the entry of an order confirming a plan, pursuant to Bankruptcy Rule 2002(f)(7);

(f) notice of any proposed dismissal or conversion of these Chapter 11 Cases, pursuant to Bankruptcy Rule 2002(a)(4);

(g) notice of the time fixed to accept or reject a proposed modification of a plan, pursuant to Bankruptcy Rule 2002(a)(5); and

(h) any other notice for which the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or an order of this Court requires broader service.

18. With respect to any proposed use, sale, or lease of property outside the ordinary course of business under Bankruptcy Rule 2002(a)(2), the Debtors will serve notice on the parties on the Master Service List, on any party known to the Debtors to assert an interest in the property that is the subject of the proposed transaction, and on any party known to the Debtors to have expressed an interest in acquiring such property. For any sale of assets outside the ordinary course of business, the Debtors anticipate seeking separate approval of bidding and notice procedures, at which time the Court may fix such additional notice as it deems appropriate.

**D. Service by Electronic Mail**

19. The Debtors request authority to effect service on any party that has provided an electronic mail address by transmitting the paper to be served, or a link by which it may be retrieved, to that address, and that such service be deemed sufficient. Electronic service is faster and materially less expensive than service by mail, and it is particularly well suited to these Chapter

11 Cases, in which a substantial number of the parties on the Master Service List are institutional lenders and their counsel who transact routinely by electronic mail.

20. The Debtors will serve by United States mail any party on the Master Service List that has not provided an electronic mail address, and will serve by United States mail any party that requests service by mail in writing.

**E. Procedures for Requesting Notice**

21. Bankruptcy Rule 2002(i) permits the Court to order that notices be transmitted to a committee or to entities that have filed a request for notice. To ensure that any party in interest who wishes to receive notice may do so, the Debtors request that the Court approve the following procedure.

22. Any party in interest may be added to the Master Service List by filing with the Court and serving on counsel to the Debtors a written request for notice that identifies the name of the party, the name of counsel if the party is represented, a mailing address, an electronic mail address, and the nature of the party's interest in these Chapter 11 Cases. Any party that files a request for notice under Bankruptcy Rule 2002(i) shall be deemed to have requested to be added to the Master Service List.

23. The Debtors shall add any party that submits a request conforming to the foregoing to the Master Service List on the next updated Master Service List filed with the Court, and shall serve that party with all papers thereafter served on the Master Service List.

## BASIS FOR RELIEF

24. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. Bankruptcy Rule 2002(m) provides that the Court "may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 9007 similarly provides that when notice is to be given under the Bankruptcy Rules, "the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Together, these rules commit the manner and scope of notice in a chapter 11 case to the sound discretion of the Court.

26. Local Rule 2081-2(f) reflects the exercise of that discretion in complex cases in this District. The rule requires the debtor to maintain a Master Service List and provides that, unless otherwise required by the Bankruptcy Code, the Bankruptcy Rules, or the Court, notices of motions and other matters shall be limited to the parties on that list. The relief the Debtors request implements the procedure the Local Rule contemplates and asks the Court to approve the composition of the list against which that procedure will operate.

27. The relief requested is procedural and prejudices no party. Every party whose rights are directly affected by a particular matter will receive notice of that matter. Every party who wishes to receive notice of everything may obtain it by filing a simple written request. Every notice for which the Bankruptcy Rules require service on the full creditor body will continue to be served on the full creditor body, including the notice of commencement, the bar date notice, and all plan and disclosure statement notices. What the Debtors seek to avoid is the recurring cost and delay of serving routine and interim papers on approximately 300 parties who have no interest in them.

28. That cost is not theoretical. These estates are administratively constrained. Each round of service on the full creditor body consumes postage, copying, and personnel time that would otherwise be devoted to operating the business and prosecuting these Chapter 11 Cases. The

Debtors respectfully submit that limiting notice as requested is in the best interests of the estates, their creditors, and all parties in interest.

29. Finally, the Debtors note that the Court retains full authority under Local Rule 2081-2(f) to require an adjustment to the Master Service List at any time, and under Bankruptcy Rules 2002(m) and 9007 to direct broader notice of any particular matter. Nothing in the relief requested limits that authority.

## NOTICE

30. Notice has been given as indicated in paragraph 3, above. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant this Motion, enter the proposed Order submitted herewith, and grant the Debtors such other and further relief to which they may be entitled.

Dated: September 3, 2026.

Respectfully submitted,

*/s/ Robert J. Gonzales*

Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

***Proposed Order***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC, and | ) | Case No. 26-BK-04298 |
| REULAND ELECTRIC CO., | ) | Case No. 26-BK-04300 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**EXPEDITED ORDER (A) APPROVING THE MASTER SERVICE LIST, (B) LIMITING NOTICE, (C) AUTHORIZING SERVICE BY ELECTRONIC MAIL, AND (D) ESTABLISHING PROCEDURES FOR PARTIES TO REQUEST NOTICE**

Upon the expedited motion (the "Motion")[2] of OnCore Motor Group LLC and Reuland Electric Co., the debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (a) approving the form and composition of the Master Service List, (b) limiting notice of motions and other matters in these Chapter 11 Cases, (c) authorizing service by electronic mail, and (d) establishing procedures by which parties in interest may request notice; and further upon the statements of counsel and the witnesses at the hearing; it appearing that the relief requested is in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

[2] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED as follows:

1. The Motion is granted.

2. The Master Service List filed by the Debtors, and the categories of parties identified therein, are approved.

3. Except as provided in paragraphs 5 and 6 of this Order, and except as otherwise required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or further order of this Court, notice of all motions, applications, objections, notices, and other papers filed in these Chapter 11 Cases shall be limited to the parties on the Master Service List, and such notice shall constitute good and sufficient notice.

4. The Debtors shall file an updated Master Service List at least every seven days during the first thirty days of these Chapter 11 Cases and at least every thirty days thereafter, provided that no updated list need be filed if there are no changes to the list.

5. Where the relief requested in any motion or other matter directly affects the rights of a party in interest not otherwise on the Master Service List, including without limitation a counterparty to an executory contract or unexpired lease that is the subject of a motion to assume or reject, a party asserting an interest in property that is the subject of a proposed sale or transfer, a party against whom relief is sought, or a claimant whose claim is the subject of an objection, the Debtors shall serve such party in addition to the parties on the Master Service List.

6. Notwithstanding anything in this Order to the contrary, the following shall continue to be served on all creditors and parties in interest, or on such other parties as the Bankruptcy Rules require: (a) the notice of the meeting of creditors under section 341(a) of the Bankruptcy Code and the notice of commencement of these Chapter 11 Cases; (b) notice of the time fixed for filing

proofs of claim; (c) notice of the time fixed for filing objections to, and the hearings to consider approval of, a disclosure statement and confirmation of a plan; (d) transmittal of any plan and disclosure statement, or a summary thereof, and any related solicitation materials, to the extent required by Bankruptcy Rule 3017(d); (e) notice of the entry of an order confirming a plan; (f) notice of any proposed dismissal or conversion of these Chapter 11 Cases; (g) notice of the time fixed to accept or reject a proposed modification of a plan; and (h) any other notice for which the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or an order of this Court requires broader service.

7. With respect to any proposed use, sale, or lease of property outside the ordinary course of business under Bankruptcy Rule 2002(a)(2), the Debtors shall serve notice on the parties on the Master Service List, on any party known to the Debtors to assert an interest in the property that is the subject of the proposed transaction, and on any party known to the Debtors to have expressed an interest in acquiring such property, without prejudice to the right of the Court to require additional notice.

8. The Debtors are authorized to effect service on any party that has provided an electronic mail address by transmitting the paper to be served, or a link by which it may be retrieved, to that address, and such service shall be deemed sufficient. The Debtors shall serve by United States mail any party on the Master Service List that has not provided an electronic mail address and any party that requests service by mail in writing.

9. Any party in interest may be added to the Master Service List by filing with the Court and serving on counsel to the Debtors a written request for notice identifying the name of the party, the name of counsel if the party is represented, a mailing address, an electronic mail address, and the nature of the party's interest in these Chapter 11 Cases. Any party that files a

request for notice under Bankruptcy Rule 2002(i) shall be deemed to have requested to be added to the Master Service List. The Debtors shall add any such party to the next updated Master Service List filed with the Court and shall thereafter serve that party with all papers served on the Master Service List.

10. Nothing in this Order shall limit the authority of the Court to require an adjustment to the Master Service List at any time, or to direct broader notice of any particular matter.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

/s/ *Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*