**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-BK-04298 |
| ONCORE MOTOR GROUP LLC *et al.,* | ) | Chapter 11 |
| | ) | Hon. Nancy B. King |
| Debtors. | ) | |
| | ) | Jointly Administered |

**PROPOSED AGENDA FOR FIRST DAY HEARING**
**SCHEDULED FOR SEPTEMBER 8, 2026 AT 9:00 A.M.**

The above-captioned debtors and debtors-in-possession (the "Debtors"), respectfully submit this proposed agenda for the First Day Hearing scheduled for September 8, 2026 at 9:00 a.m. (the "First Day Hearing").

## BACKGROUND

1. On September 3, 2026 (the "Petition Date") the Debtors each filed a voluntary petition under the provisions of Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Tennessee (the "Chapter 11 Cases").

2. Debtors have filed the *Declaration of Grant R. Bibby in Support of Chapter 11 Petitions and First Day Pleadings*, which includes a history of the business, a summary of the operations, and reasons for filing Chapter 11 (Docket No. 7)[1] (the "First Day Declaration"). The First Day Declaration is incorporated herein by reference.

## MATTERS SET FOR HEARING ON SEPTEMBER 8, 2026 AT 9:00 A.M.

3. The Court entered an Order on September 4, 2026 (Docket No. 19) setting a First Day Hearing on the following matters. As of 9:00 p.m. on September 7, 2026, the status of each matter is as follows:

[1] Docket references herein are to the docket for the proposed lead case of In re OnCore Motor Group LLC, Case No. 26-BK-04298.

a. ***Expedited Motion for Entry of an Order Directing the Joint Administration of Chapter 11 Cases* (Docket No. 5).**

**Responses:** None.

**Status:** Resolved. The Court entered an *Order Granting Motion for Joint Administration* on September 4, 2026 (Docket No. 18), granting joint administration on a provisional basis. Any party objecting to the cases continuing to be administered jointly must file an objection within fourteen days of entry of the Order, on or before September 18, 2026, in which event a hearing will be scheduled. Otherwise, the cases will remain administratively consolidated until further order of the Court. No action is required at the First Day Hearing.

b. ***Expedited Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral, Granting Adequate Protection, and Setting a Final Hearing* (Docket No. 8).**

**Responses:** No formal responses have been filed, but discussions are ongoing between counsel for the Debtor and counsel for Austin Financial Services, Inc. ("AFS").

**Status:** This matter will go forward. Discussions are ongoing between the Debtor and AFS regarding the terms of an interim cash collateral order. The parties are working toward an order that would authorize the Debtor's use of cash collateral through a second interim hearing and provide AFS with replacement liens and other adequate-protection rights, including a potential super-priority administrative expense claim under section 507(b) to the extent agreed and approved by the Court. The Debtor will request that the Court set a second interim hearing. The United States Trustee has advised that it has no comments at this time and has requested that it be provided with any agreement reached with AFS.

c. ***Expedited Motion for Entry of an Order Authorizing the Debtor to Honor Prepetition Obligations to Customers and to Continue Customer Programs in the Ordinary Course of Business* (Docket No. 11).**

**Responses:** None.

**Status:** This matter will go forward.

d. ***Expedited Motion for Entry of an Order Granting Additional Time to File Schedules and Statements* (Docket No. 15).**

**Responses:** The United States Trustee provided informal comments.

**Status:** This matter will go forward. By agreement with the United States Trustee, the Debtors will submit a revised proposed order indicating that the motion is granted "as set forth herein." An appropriate Order will be submitted.

e. ***Expedited Motion to Prohibit the Discontinuation of Utility Services, Approve Adequate Assurance of Payment, and Establish Procedures for Additional Adequate Assurance*** **(Docket No. 13).**

**Responses:** The United States Trustee provided informal comments on the proposed order.

**Status:** This matter will go forward. By agreement with the United States Trustee, the Debtors will submit a revised proposed Order that (i) adds "as set forth herein" to paragraph 1; (ii) revises paragraph 3 to provide that if no timely objection is made to the Debtors, as described therein, no final hearing shall be held; (iii) adds Debtors' counsel's electronic mail address to paragraph 5(c); and (iv) adds "Upon receiving notice of the Utilities Motion," to paragraph 7. An appropriate Order will be submitted.

f. ***Expedited Motion for Entry of an Order (I) Authorizing the Debtors to Continue Their Insurance Program, (II) Authorizing the Debtors to Pay All Prepetition and Postpetition Obligations with Respect Thereto, and (III) Authorizing Banks to Honor and Process Related Checks and Transfers*** **(Docket No. 10).**

**Responses:** The United States Trustee raised an informal objection.

**Status:** This matter will be continued. By agreement with the United States Trustee, the Debtors will not seek substantive relief on the Insurance Motion at the First Day Hearing. Ordinary-course postpetition insurance payments coming due before the continued hearing are included in the Debtors' proposed cash collateral budget and may be paid in the ordinary course upon approval of the Debtors' use of cash collateral. Employee health and other benefit programs are separately addressed in the Debtors' Wages Motion. The Debtors do not presently intend to pay the prepetition insurance obligations for which specific authority is sought in the Insurance Motion before the continued hearing. Accordingly, the Debtors request that the Insurance Motion be continued and reset for hearing prior to October 1, 2026 to afford parties additional notice and an opportunity to respond. No order on the Insurance Motion is requested at this time.

g. ***Expedited Motion for Entry of an Order (A) Authorizing the Debtor to Pay Certain Prepetition (I) Wages and Salaries, (II) Reimbursable Employee Expenses, (III) Deductions and Payroll Taxes, and (IV) Employee Medical and Similar Benefits; (B) Authorizing the Debtor to***

***Continue Its Employee Programs in the Ordinary Course; and (C) Authorizing and Directing Banks and Other Financial Institutions to Honor All Related Checks and Electronic Payment Requests* (Docket No. 9).**

**Responses:** The United States Trustee raised an informal objection.

**Status:** This matter will go forward. At the request of the United States Trustee, the Debtors will provide information at the hearing regarding the compensation of the Debtors' officers and management personnel.

h. ***Expedited Motion for Entry of Order Authorizing Maintenance and Use of Existing Bank Accounts and Cash Management System* (Docket No. 12).**

**Responses:** The United States Trustee raised an informal objection.

**Status:** This matter will go forward. By agreement with the United States Trustee, the Debtors will submit a revised proposed order that (i) adds "as set forth herein" to paragraph 1; (ii) adds to paragraph 2 a provision affording the Debtors 45 days from entry of the order, or such longer time as agreed with the United States Trustee, either to comply with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the United States Trustee, without prejudice to either party's right to seek further relief; (iii) adds a paragraph requiring the Debtors to notify the United States Trustee of any bank account opened or closed within five days and to open any new account at an institution party to a Uniform Depository Agreement; (iv) deletes paragraph 3; and (v) adds provisions requiring the Debtors to maintain separate books and records for each Debtor and prohibiting intercompany transfers to non-debtor affiliates absent further order of the Court. The Debtors have also requested Wells Fargo to designate the Debtors' account as a debtor-in-possession account and have provided the United States Trustee with the additional account information requested. An appropriate order will be submitted.

i. ***Expedited Motion for Entry of an Order (A) Approving the Master Service List, (B) Limiting Notice, (C) Authorizing Service by Electronic Mail, and (D) Establishing Procedures for Parties to Request Notice* (Docket No. 14).**

**Responses:** The United States Trustee raised an informal objection.

**Status:** This matter will go forward. The United States Trustee has requested that notice be given by United States mail and that paragraph 8 of the proposed order, which authorizes service by electronic mail, be deleted. The Debtors will respectfully request that the Court grant the Motion as presented.

**OTHER PENDING MATTERS**

4. The following matters may require action within the first twenty-one days of the case:

a. ***Notice of Filing of Proposed Case Management Order*** **(Docket No. 23).**

**Status:** The Debtors will present a proposed Case Management Order at the First Day Hearing as required by Local Rule 2081-2(h).

b. ***Application for Entry of Order Approving Employment and Retention of EmergeLaw, PLC as Counsel for Debtors*** **(Docket No. 24).**

**Status:** This Application was filed on Notice pursuant to LBR 9013-1. October 2, 2026 is the deadline for responses and October 13, 2026 is the hearing date if any responses are timely filed.

Dated: September 7, 2026.

Respectfully submitted,

*/s/ Robert J. Gonzales*

Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*