**SO ORDERED.**
**SIGNED 8th day of September, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Nancy B. King**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ONCORE MOTOR GROUP LLC *et al.*, | ) | Case No. 26-BK-04298 |
| | ) | |
| Debtors.[1] | ) | Hon. Nancy B. King |
| | ) | Chapter 11 |
| | ) | (Jointly Administered) |

**INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, AND SETTING A SECOND INTERIM HEARING**

*This Interim Order includes relief described in Local Bankruptcy Rule 2081-1(f)(3), set forth at paragraph 3 below: findings, conclusions, or holdings as to the amount of a debt or the validity, priority, or extent of a lien or security interest that purport to affect the rights of any entity other than the debtor in possession and the creditor. For the limited purpose of the interim relief granted herein, the Debtor does not dispute the validity, priority, or extent of the liens asserted by the parties identified in the Motion, and the status quo is maintained. This Interim Order makes no determination as to the validity, priority, extent, perfection, enforceability, or amount of any such lien or claim, and all rights are reserved as set forth in paragraph 10 below. This Interim*

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: OnCore Motor Group LLC (3510) and Reuland Electric Co. (2980). The corporate headquarters and mailing address for OnCore Motor Group LLC is 6323 Pettus Road, Antioch, TN 37013-4722. The corporate headquarters for Reuland Electric Co. is 1615 Yeager Ave, La Verne, CA 91750 and the mailing address is 225 North Unruh, City of Industry, CA 91744.

*Order does NOT include any of the relief described in Local Bankruptcy Rule 2081-1(f)(1), (2), (4), (5), (6), (7), or (9).*

Upon the expedited motion (the "Motion") of Reuland Electric Co. (the "Debtor") for entry of interim and final orders authorizing the use of cash collateral, granting adequate protection, and setting a final hearing; the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, the Court FINDS as follows:

1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 3, 2026 (the "Petition Date") and is operating its business and managing its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor requires the immediate use of cash collateral to continue business operations without interruption and to avoid immediate and irreparable harm to the estate pending a second interim hearing. In the absence of the use of cash collateral, the continued operation of the Debtor's business would not be possible and serious and irreparable harm to the Debtor and its estate would occur.

3. For the limited purpose of the interim relief granted herein, the Debtor does not dispute the validity, priority, or extent of the liens asserted by Austin Financial Services, Inc. ("AFS"), Byline Bank, and the Equipment Lenders identified in the Motion. This Interim Order makes no determination as to the validity, priority, extent, perfection, enforceability, or amount of any lien or claim, and no such determination shall be binding on the Debtor, any official committee, the United States Trustee, or any other party in interest.

**IT IS HEREBY ORDERED as follows:**

4. The Motion is GRANTED on an interim basis as set forth herein.

5. Use of Cash Collateral. The Debtor is authorized to use cash collateral through the conclusion of the Second Interim Hearing in accordance with, and solely for the purposes set forth in, the Budget attached to the Motion as Exhibit A, with permitted variance of up to ten percent for any individual line item and up to ten percent in the aggregate, measured on a cumulative basis, and with authority to carry forward unused amounts to subsequent periods.

6. Adequate Protection. As adequate protection for the Debtor's use of cash collateral and any diminution in the value of their interests in the prepetition collateral, each party holding a valid, perfected, and unavoidable prepetition lien on cash collateral is granted a replacement security interest under sections 361(2) and 552(b) of the Bankruptcy Code in the Debtor's postpetition property of the same kind and character as its prepetition collateral, and in the proceeds thereof, to the same extent, validity, and priority as existed immediately prior to the Petition Date (such property, excluding Avoidance Actions (as defined below), the "Adequate Protection Collateral"), and only to the extent of any diminution in value resulting from the Debtor's use of cash collateral. The replacement liens shall not extend to, and expressly exclude, the Debtor's claims and causes of action under sections 544, 545, 546, 547, 548, 549, and 550 of the Bankruptcy Code (collectively, "Avoidance Actions") and the proceeds thereof.

7. Automatic Perfection. The replacement liens granted herein are deemed valid, binding, enforceable, and perfected upon entry of this Interim Order, without the necessity of taking possession of any collateral, filing any financing statement or mortgage, or executing or recording any other document.

8. No Adequate Protection Payments. The Debtor is not authorized or directed to make adequate protection payments to any secured party during this first interim period. This Interim Order is without prejudice to the right of any party to seek additional or different adequate protection at the Second Interim Hearing.

9. Direction to Account Debtors. All account debtors and other parties holding funds owed to the Debtor are authorized and directed to remit those funds to the Debtor in the ordinary course, notwithstanding any prepetition notice, demand, instruction, or communication from any party asserting a lien, claim, or other right to such funds, and without the necessity of further order of this Court, provided, that any such lien, claim, or other right shall continue in such remitted funds. Any postpetition act by any entity to obtain possession of, or exercise control over, the Debtor's accounts or their proceeds may constitute a violation of the automatic stay under section 362 of the Bankruptcy Code.

10. Reservation of Rights and Challenge Period. Nothing in this Interim Order constitutes (a) an admission as to the validity, priority, extent, perfection, enforceability, or amount of any claim or lien; (b) a waiver of any right, claim, defense, counterclaim, or cause of action of the Debtor or its estate, including under sections 502, 506, 510, 542 through 553, and 558 of the Bankruptcy Code; (c) a determination that any party holds an interest in cash collateral; or (d) an assumption or rejection of any executory contract or unexpired lease. The Debtor expressly reserves the right to assert that cash-in-advance deposits received after the Petition Date are not subject to any prepetition lien pursuant to section 552(a) of the Bankruptcy Code, and AFS expressly reserves the right to contest any such assertion. The Debtor, any official committee, and any other party in interest with standing shall have until the later of seventy-five days after entry of this Interim Order or sixty days after the appointment of any official committee of unsecured

creditors to investigate and challenge the validity, priority, extent, perfection, enforceability, or amount of any prepetition lien or claim.

11. Second Interim Hearing. A second hearing on the Motion (the "Second Interim Hearing") is set for September 22, 2026 at 9:00 a.m., in Courtroom 3, Customs House, 701 Broadway, Nashville, Tennessee 37203. Any objection to entry of a second interim order shall be filed and served no later than September 18, 2026.

12. Notice of Second Interim Hearing. Within three business days after entry of this Interim Order, the Debtor shall serve a copy of this Interim Order and notice of the Second Interim Hearing on (a) the Office of the United States Trustee, (b) all parties asserting a lien on property of the Debtor, including AFS, (c) the holders of the twenty largest unsecured claims against each Debtor, (d) counsel to AFS, and (e) all parties requesting notice under Bankruptcy Rule 2002.

13. Modification. At the Second Interim Hearing, or in connection with entry of a final order, any provision of this Interim Order, including with respect to adequate protection, may be modified, supplemented, or continued by the Court.

14. No Obligation to Lend. Nothing in this Interim Order shall be construed to require any party to make any loan or advance to the Debtor.

15. Certain AFS Provisions.

(a) To the extent the replacement liens granted to AFS in paragraph 6 of this Interim Order do not provide AFS with adequate protection of its interests in its cash collateral, AFS shall have a super-priority administrative expense claim in the Debtor's chapter 11 case under Bankruptcy Code § 507(b) (the "Super-Priority Claim"), solely to the extent of any diminution in the value of AFS's interest in the cash collateral resulting from the Debtor's use thereof. The Super-Priority Claim of AFS shall have priority over all other administrative expenses incurred in

this case of any kind, (a) provided that (i) the Super-Priority Claim shall be subject and subordinate to fees payable under 28 U.S.C. § 1930 and to the Clerk of the Court, and (ii) shall exclude and not attach to Avoidance Actions and the proceeds thereof during this first interim period, and (b) provided further that the priority of the Super-Priority Claim over the allowed fees and expenses of professionals retained in these cases shall apply only through the conclusion of the Second Interim Hearing, without prejudice to any request for a carve-out at or after that hearing or objection thereto. The Super-Priority Claim is granted with respect to diminution occurring during this first interim period only, without prejudice to AFS's right to seek a further or continuing grant at the Second Interim Hearing or in connection with entry of a final order.

(b) During this first interim period, and in the exercise of its business judgment, the Debtor agrees that there will be no surcharge of AFS's prepetition collateral or Adequate Protection Collateral (collectively, the "AFS Collateral"), and the Debtor, on behalf of its estate, will be deemed to have waived any and all rights, benefits, or causes of action under Bankruptcy Code § 506(c) as they may relate to, or be asserted against, AFS, or any of its Collateral. This agreement is made by the Debtor only and is without prejudice to the rights of any official committee, the United States Trustee, or any other party in interest. Any broader or continuing waiver shall be addressed in connection with entry of a final order.

(c) The Debtor shall provide information reasonably requested by AFS from time to time concerning the Budget, the Debtor's books, records, and otherwise in connection with the AFS Collateral (defined above). In addition, on or before Friday by noon Central Time of each week during the term of this Interim Order commencing September 11, 2026, for the prior stub week, the Debtor shall provide to AFS, for the immediately prior week ended Friday, (i) budget-to-actual variance reports; (ii) accounts receivable aging detail reports (including, without

limitation, reflecting collections and credits, and any change in amounts owed by affiliates); (iii) accounts payable detail reports (including, without limitation, reflecting any change in amounts owed to affiliates). Further, the Debtor shall promptly respond to reasonable inquiries made by or on behalf of AFS concerning the financial condition of the Debtor and the AFS Collateral, subject to applicable privileges and to the Debtor's reservation of all rights.

(d) Nothing in this Interim Order constitutes a waiver of any right, claim, defense, counterclaim, or cause of action of AFS, and all such rights, claims, defenses, counterclaims, and causes of action are expressly reserved.

16. Effectiveness. The terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry, notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, or otherwise.

17. Retention of Jurisdiction. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*