**SO ORDERED.**
**SIGNED 8th day of September, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Nancy B. King**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-BK-04298 |
| ONCORE MOTOR GROUP LLC *et al.*, | ) | Chapter 11 |
| | ) | Hon. Nancy B. King |
| Debtors. | ) | |
| | ) | Jointly Administered |

**EXPEDITED ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION (I) WAGES AND SALARIES, (II) REIMBURSABLE EMPLOYEE EXPENSES, (III) DEDUCTIONS AND PAYROLL TAXES, AND (IV) EMPLOYEE MEDICAL AND SIMILAR BENEFITS; (B) AUTHORIZING THE DEBTOR TO CONTINUE ITS EMPLOYEE PROGRAMS IN THE ORDINARY COURSE; AND (C) AUTHORIZING AND DIRECTING BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the expedited motion (the "Motion") of Reuland Electric Co. (the "Debtor" or the "Company") for entry of an order authorizing the Company to pay certain prepetition employee wages and benefits, to continue its employee programs in the ordinary course, and directing banks and other financial institutions to honor all related checks and electronic payment requests; and further upon the statements of counsel and the witnesses at the hearing; it appearing that the relief requested is in the best interests of the Company's estate, its creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court finding that the relief requested is necessary to avoid immediate and irreparable harm within the meaning of Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. The Company is authorized, but not directed, to pay and honor prepetition claims and obligations on account of Unpaid Compensation, Deductions, Payroll Taxes, Reimbursable Expenses, and the Employee Benefit Programs, in accordance with the Company's stated policies and prepetition practices, in an aggregate amount not to exceed $318,377.00.

3. Notwithstanding any other provision of this Order, the Company shall not pay to or on behalf of any Employee an aggregate of more than $17,150.00 on account of prepetition wages, salaries, commissions, vacation, severance, and sick leave pay, pursuant to 11 U.S.C. § 507(a)(4). In determining the aggregate amount to be paid in contributions to employee benefit plans, the formula set forth in 11 U.S.C. § 507(a)(5) shall be used. Employment taxes shall be paid in accordance with 11 U.S.C. § 507(a)(8)(D).

4. The Company is authorized, but not directed, to continue to allocate, withhold, and distribute the Deductions and the Payroll Taxes in accordance with its stated policies and prepetition practices. The Deductions and the amounts withheld from Employees on account of Payroll Taxes are held in trust for third parties and are not property of the estate.

5. The Company is authorized, but not directed, to pay the Reimbursable Expenses in accordance with its stated policies and prepetition practices, including prepetition amounts owed on account of Reimbursable Expenses.

6. The Company is authorized, but not directed, to continue and maintain the Employee Benefit Programs, to make any necessary contributions to those programs, and to pay any unpaid premium, claim, or other amount owed as of the Petition Date or arising thereafter in the ordinary course. Nothing in this Order addresses the Company's workers' compensation coverage, relief as to which is sought by separate motion.

7. The Company is authorized to pay all processing fees associated with, and all costs incident to, the payment of the amounts authorized by this Order, including the fees of, and the outstanding prepetition invoice of, the Company's payroll processor.

8. The Company is authorized to continue, modify, change, or discontinue any Employee compensation or benefit practice, program, or policy, and to implement new ones, in the ordinary course of business and without further order of this Court, provided that no such action materially increases the Company's obligations.

9. All banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations authorized herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, whether presented or submitted before or after the Petition Date, and are authorized to rely on the Company's designation of any particular check or electronic payment request as authorized by this Order.

10. The Company is authorized to reissue any check or electronic payment originally given in payment of any prepetition amount authorized to be paid under this Order that was not cleared by the applicable bank or other financial institution.

11. Nothing in this Order constitutes (a) an admission as to the validity, priority, or amount of any claim; (b) a waiver of any right, claim, defense, counterclaim, or cause of action of

the Company or its estate; (c) an assumption or rejection of any executory contract or unexpired lease; or (d) a requirement to pay any particular claim.

12. The Company is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding Bankruptcy Rules 6004(h), 7062, or otherwise.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*<u>/s/ Robert J. Gonzales</u>*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*