**SO ORDERED.**
**SIGNED 8th day of September, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Nancy B. King**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-BK-04298 |
| ONCORE MOTOR GROUP LLC *et al.,* | ) | Chapter 11 |
| | ) | Hon. Nancy B. King |
| Debtors. | ) | |
| | ) | Jointly Administered |

**EXPEDITED ORDER AUTHORIZING THE DEBTOR TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND TO CONTINUE CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS**

Upon the expedited motion (the "Motion")[1] of Reuland Electric Co. (the "Debtor" or the "Company") for entry of an order authorizing the Company to honor prepetition obligations to its Customers and to continue the Customer Programs in the ordinary course of business; and upon consideration of the First Day Declaration; the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; this being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court finding that the relief requested is necessary to avoid immediate and irreparable harm within the meaning of Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

[1] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

1. The Motion is GRANTED as set forth herein.

2. The Company, in its business judgment, is authorized but not directed to honor and perform its obligations under the Customer Programs, without regard to whether such obligations arose before or after the Petition Date.

3. Without limiting the foregoing, the Company is authorized to apply prepetition Customer deposits, initial payments, and progress payments as credits against the applicable Customer orders, and to complete and ship against those orders.

4. The Company is authorized to solicit, receive, and apply Customer deposits, initial payments, and progress payments after the Petition Date on the Company's existing terms.

5. The Company's authority to issue refunds, credits, returns, and allowances on account of prepetition obligations shall not exceed $256,721.00 in the aggregate. This limitation does not apply to refunds, credits, returns, and allowances arising from postpetition transactions, which the Company is authorized to issue in the ordinary course of business.

6. The Company is authorized to honor warranty, repair, rework, and service obligations to its Customers, without regard to whether the motor or other product giving rise to the obligation was sold before or after the Petition Date.

7. The Company is authorized to communicate with its Customers regarding these Chapter 11 Cases, the Customer Programs, and the status of their orders.

8. The Company, in its business judgment, is authorized but not directed to continue, renew, replace, implement, modify, or terminate any Customer Program in the ordinary course of business, without further application to this Court.

9. All banks and financial institutions are authorized and directed to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the

relief granted herein, whether presented or submitted before or after the Petition Date, and are authorized to rely on the Company's designation of any particular check or electronic payment request as authorized by this Order.

10. Nothing in this Order constitutes (a) an admission as to the validity, priority, or amount of any claim; (b) a waiver of any right, claim, defense, counterclaim, right of setoff, or right of recoupment of the Company or its estate; (c) the assumption, adoption, or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code; or (d) a requirement to pay or honor any particular obligation.

11. The Company reserves all rights with respect to the characterization and treatment of deposits, initial payments, and progress payments received after the Petition Date, including the right to assert that such amounts are not subject to any prepetition lien pursuant to section 552(a) of the Bankruptcy Code. No party's rights with respect to that issue are determined by this Order.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied, and the requirements of Bankruptcy Rule 6004(a) are waived.

13. The Company is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding Bankruptcy Rules 6004(h), 7062, or otherwise.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:


*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR#016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*