**SO ORDERED.**
**SIGNED 8th day of September, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Nancy B. King**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-BK-04298 |
| ONCORE MOTOR GROUP LLC *et al.*, | ) | Chapter 11 |
| | ) | Hon. Nancy B. King |
| Debtors. | ) | |
| | ) | Jointly Administered |

**EXPEDITED ORDER (A) APPROVING THE MASTER SERVICE LIST, (B) LIMITING NOTICE, (C) AUTHORIZING SERVICE BY ELECTRONIC MAIL, AND (D) ESTABLISHING PROCEDURES FOR PARTIES TO REQUEST NOTICE**

Upon the expedited motion (the "Motion")[1] of OnCore Motor Group LLC and Reuland Electric Co., the debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (a) approving the form and composition of the Master Service List, (b) limiting notice of motions and other matters in these Chapter 11 Cases, (c) authorizing service by electronic mail, and (d) establishing procedures by which parties in interest may request notice; and further upon the statements of counsel and the witnesses at the hearing; it appearing that the relief requested is in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding

[1] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED as follows:

1. The Motion is granted.

2. The Master Service List filed by the Debtors, and the categories of parties identified therein, are approved.

3. Except as provided in paragraphs 5 and 6 of this Order, and except as otherwise required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or further order of this Court, notice of all motions, applications, objections, notices, and other papers filed in these Chapter 11 Cases shall be limited to the parties on the Master Service List, and such notice shall constitute good and sufficient notice.

4. The Debtors shall file an updated Master Service List at least every seven days during the first thirty days of these Chapter 11 Cases and at least every thirty days thereafter, provided that no updated list need be filed if there are no changes to the list.

5. Where the relief requested in any motion or other matter directly affects the rights of a party in interest not otherwise on the Master Service List, including without limitation a counterparty to an executory contract or unexpired lease that is the subject of a motion to assume or reject, a party asserting an interest in property that is the subject of a proposed sale or transfer, a party against whom relief is sought, or a claimant whose claim is the subject of an objection, the Debtors shall serve such party in addition to the parties on the Master Service List.

6. Notwithstanding anything in this Order to the contrary, the following shall continue to be served on all creditors and parties in interest, or on such other parties as the Bankruptcy Rules

require: (a) the notice of the meeting of creditors under section 341(a) of the Bankruptcy Code and the notice of commencement of these Chapter 11 Cases; (b) notice of the time fixed for filing proofs of claim; (c) notice of the time fixed for filing objections to, and the hearings to consider approval of, a disclosure statement and confirmation of a plan; (d) transmittal of any plan and disclosure statement, or a summary thereof, and any related solicitation materials, to the extent required by Bankruptcy Rule 3017(d); (e) notice of the entry of an order confirming a plan; (f) notice of any proposed dismissal or conversion of these Chapter 11 Cases; (g) notice of the time fixed to accept or reject a proposed modification of a plan; and (h) any other notice for which the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or an order of this Court requires broader service.

7. With respect to any proposed use, sale, or lease of property outside the ordinary course of business under Bankruptcy Rule 2002(a)(2), the Debtors shall serve notice on the parties on the Master Service List, on any party known to the Debtors to assert an interest in the property that is the subject of the proposed transaction, and on any party known to the Debtors to have expressed an interest in acquiring such property, without prejudice to the right of the Court to require additional notice.

8. The Debtors are authorized to effect service on any party that has provided an electronic mail address by transmitting the paper to be served, or a link by which it may be retrieved, to that address, and such service shall be deemed sufficient. This authorization does not extend to any notice or paper that the Bankruptcy Rules expressly require to be served by United States mail or by personal service and for which Bankruptcy Rule 9036 does not permit transmission by electronic means, including service under Bankruptcy Rule 7004 and service under Bankruptcy Rule 7004 as incorporated by Bankruptcy Rule 9014(b), which the Debtors shall

serve by first class United States mail. The Debtors shall serve by United States mail any party on the Master Service List that has not provided an electronic mail address and any party that requests service by mail in writing.

9. Any party in interest may be added to the Master Service List by filing with the Court and serving on counsel to the Debtors a written request for notice identifying the name of the party, the name of counsel if the party is represented, a mailing address, an electronic mail address, and the nature of the party's interest in these Chapter 11 Cases. Any party that files a request for notice under Bankruptcy Rule 2002(i) shall be deemed to have requested to be added to the Master Service List. The Debtors shall add any such party to the next updated Master Service List filed with the Court and shall thereafter serve that party with all papers served on the Master Service List.

10. Nothing in this Order shall limit the authority of the Court to require an adjustment to the Master Service List at any time, or to direct broader notice of any particular matter.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*