SO ORDERED.
SIGNED 8th day of September, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-BK-04298 |
| ONCORE MOTOR GROUP LLC *et al.*, | ) | Chapter 11 |
| | ) | Hon. Nancy B. King |
| Debtors. | ) | |
| | ) | Jointly Administered |

**CASE MANAGEMENT ORDER**

These Chapter 11 cases having been designated as complex cases pursuant to Rule 2081-2 of the Local Rules of Court of the United States Bankruptcy Court, Middle District of Tennessee (the "Local Rules"), and the Debtors having proposed this Case Management Order at the First Day Hearing as required by Local Rule 2081-2(h), and the Court having considered the same, it is hereby ORDERED as follows:

**I. Complex Case Designation**

1. The Court acknowledges the Debtors' verification of these Chapter 11 cases as complex cases within the meaning of Local Rule 2081-2(a). Each Debtor is eligible for complex case treatment, the Debtors are affiliated debtors, and the Debtors timely filed a Notice of Election for Treatment as a Complex Chapter 11 Case concurrently with their voluntary petitions.

## II. Master Service List

2. The Master Service List procedure set forth in Local Rule 2081-2(f) shall govern these cases, as further approved in the *Order entered on the Debtors' Expedited Motion for Entry of an Order (A) Approving the Master Service List, (B) Limiting Notice, (C) Authorizing Service by Electronic Mail, and (D) Establishing Procedures for Parties to Request Notice* (the "Notice Procedures Order"). In the event of any inconsistency between this Order and the Notice Procedures Order with respect to the Master Service List or the scope of notice, the Notice Procedures Order shall control.

3. The Debtors shall file an updated Master Service List at least every seven days during the first thirty days of these cases and at least every thirty days thereafter, provided that no updated list need be filed if there are no changes. The Court may require an adjustment to the Master Service List at any time.

## III. Hearing Procedures

4. **Omnibus Hearings**. Omnibus hearing dates shall be established as follows: the first Tuesday of each month (except as indicated) at 10:00am (Central Time), commencing October 6, 2026, and continuing on November 3, 2026 and December 1, 2026, January 12, 2027, February 2, 2027, and thereafter as scheduled by the Court, before the Honorable Nancy B. King, Courtroom 3, Customs House, 701 Broadway, Nashville, Tennessee. After the omnibus hearing dates are established, and unless otherwise ordered by the Court, any matter in a case whether initiated by the Debtors or another party shall be set on an omnibus hearing date.

5. **Setting of Matters**. Any matter filed at least twenty-one days before the next omnibus hearing date shall be heard on that omnibus hearing date. Any matter filed less than twenty-one days before the next omnibus hearing date shall be heard on the next following

omnibus hearing date. Objections shall be filed at least seven days before the omnibus hearing date. Replies, if any, shall be filed at least two business days before the omnibus hearing date. The motion or other initiating document shall include the omnibus hearing date and time, the deadline for objections, and the deadline for replies.

6. **Notice of Omnibus Dates**. Within three business days after entry of this Order, the Debtors shall serve notice of the omnibus hearing dates on all parties on the Master Service List. The Debtors shall file and serve notice of any change to the omnibus hearing schedule promptly after the change is made.

7. **Continuances**. A matter set on an omnibus hearing date may be continued to the next omnibus hearing date by agreement of the affected parties upon notice to chambers and the courtroom deputy, provided the continuance is reflected on the hearing agenda filed under Section IV of this Order. A continuance sought over objection shall be presented to the Court at the omnibus hearing on which the matter is set.

8. **Matters Under Local Rule 9013-1**. Nothing in this Order alters the notice and opportunity to object procedure of Local Rule 9013-1. A matter noticed under Local Rule 9013-1 shall be set on the first omnibus hearing date falling at least seven days after the response deadline, and no hearing need be held if no timely response is filed.

9. **Evidentiary Matters**. Any matter requiring witness testimony or contested documentary evidence shall be specially set and heard in person. Counsel shall advise chambers of the anticipated need for an evidentiary hearing and of the estimated time required no later than the omnibus hearing date on which the matter first appears.

10. **Emergency Hearings**. If a party files a motion or other document that contends it requires consideration on less than twenty-one days' notice, any relief requested must comply with

Local Rule 9075-1. Each form of relief shall be requested by separate motion, and a motion for an emergency hearing shall be granted only for cause shown. If the Court is unable to hear a matter on an emergency basis, the matter shall be set on the next omnibus hearing date or, if the Court so directs, on another date determined by chambers. The underlying agenda shall clearly denote any matter that is scheduled to be heard on an emergency basis.

**IV. Hearing Agendas**

11. Counsel for the Debtors shall file a hearing agenda and serve it on the Master Service List at least two business days before each hearing. Uncontested matters shall be listed before contested matters.

12. For each matter, the agenda shall indicate the moving party's name, the docket number of the initiating document, and the status of the matter, including whether it is settled, going forward, continued by request, continued with opposition, or continued by consent.

13. For each matter going forward, or where a request for continuance is opposed, the agenda shall also include the docket number of any objection, response, or document filed in support, and the name of the filing party.

14. Chambers shall be promptly notified of any settlement. The agenda may list responses continued or consented to collectively. The agenda shall clearly denote any emergency hearings and any evidentiary hearings. Amended agendas shall be filed and highlighted to show the changes.

**V. Telephonic and Electronic Appearances**

15. Any party wishing to appear at a hearing by telephone or other remote means shall do so in accordance with the following instructions: the Court conducts virtual proceedings by ZoomGov. Consistent with the requirements of the Judicial Conference of the United States, the Court does not publish generic video links or all-purpose access codes. A party seeking to appear

virtually must register through the "Register for Virtual Link" page on the Court's website at www.tnmb.uscourts.gov and obtain the access information for the particular hearing. The omnibus hearings set forth in this Order are specially set. Parties should be sure to select the correct specially set docket, and not the Court's regular docket, on the Court's website in order to attend. Registration must be completed no later than 12:00 p.m. (Central Time) on the business day before the hearing. Audio-only participation is not permitted absent an emergency or express approval of the Court. Virtual participation is available for matters as noted in the guidelines on the Court's website. However, evidentiary matters shall be held in person, unless a party shows good cause after filing a motion in accordance with Local Rule 9075-1 not less than 48 hours before the hearing. Participants appearing virtually shall use their first and last name in the video display, shall state their name each time they speak, shall remain muted with the camera off until called upon, shall not use a speakerphone or place the line on hold at any time, and shall appear in attire consistent with the decorum of court proceedings. Recording of court proceedings by any means is strictly prohibited.

**VI. Claims and Noticing Agent**

16. The Debtors have not employed a claims and noticing agent, and none is required under Local Rule 2081-2(g). The Debtors shall be responsible for service of all papers required to be served in these cases and shall effect such service directly. The Clerk of this Court shall maintain the claims register in these cases. Contact information for the Clerk is: Clerk, United States Bankruptcy Court for the Middle District of Tennessee, Customs House, 701 Broadway, Room 170, Nashville, Tennessee 37203, (615) 736-5584. Nothing in this Order precludes the Debtors or any party in interest from seeking the appointment of a claims and noticing agent by motion at a later date.

## VII. Professional Compensation and Reimbursement of Expenses

17. The compensation and reimbursement of expenses of professionals in these cases shall be governed by the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* entered on the Debtors' motion (the "Interim Compensation Order"), which modifies the procedures set forth in Local Rule 2081-2(m) as that rule permits. The procedures set forth below supplement the Interim Compensation Order. To the extent this Order and the Interim Compensation Order conflict, the Interim Compensation Order shall control.

18. **Monthly Statements.** After the end of a month for which compensation is sought, each professional seeking compensation may serve a monthly statement (a "Monthly Statement") on the Debtors, counsel to the Debtors, the Office of the United States Trustee, any prepetition secured lender, any postpetition secured lender, the attorney for any committee appointed under the Bankruptcy Code, and any other party the Court designates (collectively, the "Professional Fee Notice Parties").

19. **Content of Monthly Statements.** Each Monthly Statement shall contain a list of the individuals and their job titles who provided services during the statement period, their billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour, and a reasonably detailed breakdown of expenses incurred. The Monthly Statement shall include a notice that any objection to the Monthly Statement must be filed within fourteen days of service of the Monthly Statement.

20. **Payment of Undisputed Amounts.** After the expiration of the fourteen day objection period, the debtor shall be authorized to pay ninety percent (90%) of the undisputed fees and one hundred percent (100%) of the undisputed expenses identified in the Monthly Statement. The remaining ten percent (10%) of the fees requested shall be held back and shall be subject to allowance on an interim or final fee application. If a Monthly Statement is served, a summary of

the total fees and expenses requested shall be filed.

21. **Objections**. Any objection to a Monthly Statement shall be served on the affected professional and the other Professional Fee Notice Parties. The objection shall state the nature of the objection and the amount of fees or expenses at issue. After expiration of the fourteen day period, the debtor shall be authorized to pay the remainder of the fees and expenses identified in the Monthly Statement that is no longer subject to an objection. If any objecting party resolves a dispute with a professional, the objecting party shall file a notice with the Court, with the consent of the professional, describing the terms of the resolution. The debtor shall be authorized to pay the portion of the fees and expenses that is no longer subject to an objection. Any objection that is not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing.

22. **No Waiver.** Whether a party objects to a Monthly Statement or not, any party may object to any fee application filed with the Court in accordance with the Bankruptcy Code. The failure to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any subsequently filed fee application.

23. **Interim Applications.** Each professional shall file an application for interim or final approval of allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, including compensation previously paid by the debtor on the basis of a Monthly Statement, at the intervals provided in the Interim Compensation Order, and otherwise every 120 days unless the Court orders a different frequency.

24. **No Effect on Court's Review.** Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses. All fees

and expenses, whether or not paid or objected to in connection with a Monthly Statement, shall remain subject to review and approval by the Court at interim and final fee applications. All fees and expenses are subject to disgorgement if not approved by the Court on a final basis.

25. **Committee Members.** These procedures may be used for reimbursement of expenses for members of a committee appointed under the Bankruptcy Code. The attorney for the committee shall collect and submit statements of expenses, with supporting vouchers, from the committee members.

## VIII. Certificates of Service

26. Local Rule 9013-3 shall apply in these cases. For first day matters and for any other matter heard on an expedited or emergency basis, the responsible party shall file the certificate of service at or before the commencement of the hearing. For all other matters, the certificate of service shall be filed in accordance with Local Rule 9013-3.

27. A certificate of service shall identify the parties served, the manner of service, and the date of service, and shall attach or incorporate by reference the service list used.

## IX. General Provisions

28. Nothing in this Order shall limit the authority of the Court to modify any procedure established herein, to direct additional or different notice of any particular matter, or to adjust the omnibus hearing schedule as necessary based on the progress of these cases.

29. This Order shall be effective immediately upon entry. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
**EMERGELAW, PLC**
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*